K

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 OCT 13 AM 10: 26

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEPUTY CLERK MS

UNITED STATES OF AMERICA

v.

HAOQIANG FU
a/k/a Michael Fu

NO. 3·22·cr·352-K

## FACTUAL RESUME

In support of Haoqiang Fu's plea of guilty to the offense in Count One of the Information, Fu, the defendant, and Robert L. Webster, the defendant's attorneys, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 15 U.S.C. § 77e(c) and 77x, that is, the sale of unregistered securities, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the securities that the defendant, Haoqiang Fu, sold were not registered with the Securities and Exchange Commission;

*Second.* That the securities sold were required to be registered with the Securities and Exchange Commission—that is, that the transactions were not exempt from registration;

*Third.* That, knowing the shares were not registered and not exempt, the defendant willfully sold or caused the shares to be sold to the public

[1] There is no Fifth Circuit Pattern Jury Instruction for sale of unregistered securities. However, Ninth Circuit Pattern Jury Instruction 15.48 (9th Cir. 2022) identifies the elements for sale of unregistered securities pursuant to 15 U.S.C. § 77e.

(In determining whether the defendant acted willfully, the government is not required to establish that defendant knew he was breaking any particular law or rule[2]); and

*Fourth.* That the defendant knowingly, directly or indirectly, used or caused to be used the mails or the means and instrumentalities of interstate commerce for the purpose of selling the securities.

## STIPULATED FACTS

1. Haoqiang Fu (hereinafter "Fu") admits and agrees that, in or around 2019, in the Northern District of Texas, and elsewhere, the defendant, Haoqiang Fu, did willfully, directly and indirectly, by the use of the means and instruments of transportation and communication in interstate commerce and of the mails, offer to sell a security, to wit: an investment contract for real estate development, without a registration statement being in effect as to that security, in violation of Title 15, United States Code, Section 77e(c) and 77x.

2. Fu, Timothy Barton (hereinafter "Barton") and S.W., traveled to Hangzhou, China to market and present real estate investment opportunities in the Northern District of Texas and elsewhere to Chinese investors. These presentations included a PowerPoint presentation that detailed the specific property that had been purchased and the general details found in the loan agreement.

3. Fu, Barton, S.W., and others marketed these investments as separate LLC companies for each project titled as the following ("Wall Properties"): WALL007,

---

[2] 3 Modern Federal Jury Instructions-Criminal P 57.01 (2021); Ninth Circuit Pattern Jury Instruction 15.48 (9th Cir. 2022) (relying on *United States v. Lloyd*, 807 F.3d 1128, 1166 (9th Cir. 2015).

LLC ("WALL007"); WALL009, LLC ("WALL009"); WALL010, LLC ("WALL010"); WALL011, LLC ("WALL011"); WALL012, LLC ("WALL012"); WALL016, LLC ("WALL016"); WALL017, LLC ("WALL017"); WALL018, LLC ("WALL 018"); and WALL019, LLC ("WALL019"). Each Wall property was its own investment and location.

4. S.W. was presented as the primary builder for the Wall properties, and that he would be purchasing the land from the Wall properties to build on. S.W. would benefit by gaining access to the Wall properties' land to then turn around and sell to home buyers.

5. Investors during the presentations were told that the investment funds from investors for each Wall property would cover 80% of the investment, and that the investors would be paid annual interest between 8 to 20% for two years and then receive their initial investment payment back at the end of the second year.

6. Chinese investors were told that each Wall property would combine multiple Chinese investor investments to total the 80% contribution per Wall property. Pursuant to Section 2(a)(1) of the Securities Act of 1933, a security includes an "investment contract." An "investment contract" is an investment of money in a common enterprise with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. Fu admits and agrees that the investment contracts offered and sold to the Chinese investors were "securities."[3]

---

[3] While the majority of investors were located in China, there were also some investors in the United States.

7. The Wall property investments were required by law to be registered with the Securities and Exchange Commission but were not. Additionally, there was no exemption from registration. Fu knew that the securities were not registered and agrees that they were not exempt from registration. Fu agrees that he willfully sold Wall property investments to Chinese investors from the Northern District of Texas and elsewhere, through means and instrumentalities of interstate commerce to include online email communications.[4]

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

---

[4] As noted above, the government is not required to establish that Fu knew he was breaking any particular law or rule to show he was acting willfully.

AGREED TO AND STIPULATED on this 25 day of Sept, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

HAOQIANG FU
Defendant

R. Hunter

Renee Hunter
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce St. Suite 300
Dallas Texas 75242
Tel: 214-659-8600
Email: Renee.Hunter@usdoj.gov

Robert L. Webster
Attorney for Defendant