**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY LYNCH BARTON** | § | **No.  3-22-CR-00352-K** |
| | § | |
| *Defendant* | § | |

**DEFENDANT BARTON'S UNOPPOSED MOTION AND BRIEF TO CONTINUE
THE TRIAL AND EXTEND PRETRIAL DEADLINES**

Defendant Timothy L. Barton files this motion requesting that the Court continue the trial date and extend pretrial deadlines, and would show the Court, as follows:

I.      **Background**

On September 20, 2022, the grand jury charged defendant Timothy L. Barton ("Barton") in a nine-count indictment with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 1-7), Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 8),  and Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff (Count 8).  On September 23, 2022, Barton was arrested, and he was released under conditions of release on September 26, 2022.  (Doc. 12)  On October 4, 2022, the Court entered a pretrial scheduling order, setting certain pretrial deadlines and a trial date of December 5, 2022. (Doc. 15, at 1)  On November 3, 2022, Barton received the first tranche of government discovery consisting of  a one-terabyte hard drive.

On September 23, 2022, the Securities and Exchange Commission ("SEC") filed a complaint against Barton, a Stephen T. Wall, Dallas real estate developer and Haoqiang Fu, also known as Michael Fu Chinese national. *United States v. Timothy Lynch Barton et al.,* N.D. Tex. No. 3:22-CV-2118-X.  On October 18, 2022, U.S. District Judge Brantley Starr granted the

SEC's motion to appoint a receiver against Barton's entities. The receiver has subsequently seized Barton's businesses, including the books and records of his businesses and Barton's personal records. Since that time, the Defendant has not had access to records at his business offices and now in the possession of the receiver. The receiver also seized and sold Barton's residence. On November 11, 2022, the Court granted Barton's unopposed motion to continue the trial date and set the current trial date of May 8, 2023. (Doc. 42).

Since that date, Barton's counsel have continued to work with counsel for the government to obtain further discovery in this case. The government produced two additional hard drives containing a substantial amount of discovery, the latest of which was produced in the last ten days. In addition, the government plans to produce additional discovery, including another hard drive containing an image of hard drive of a computer obtained by the government from a cooperating codefendant. All told, the Government's productions alone make hundreds of thousands—if not millions—of documents relevant to the preparation of the defense, even before the Defendant evaluates the relevance of documentation outside the Government's productions.

II.     **The Court Should Continue the Trial in the Matter Until a Time Convenient for the Court After December 2023**

Barton requests that the Court extend time to file pretrial motions and continue the trial date from May 8, 2023 until at least December 2023. Barton needs additional time to review the extensive pretrial discovery that the Government has produced and is poised to produce. Defense counsel's information technology vendor has informed them that the process even transitioning the multiple terabytes of produced information to a platform so that it can be reviewed will take weeks. Barton's counsel then must review that significant electronic discovery.

In short, this case concerns Government allegations regarding a course of dealing with several foreign lenders and the handling of loan proceeds by complex real estate development businesses to which likely more than a million documents, created over many years, are relevant. The various transactions alleged in the indictment involve complex financial and real estate transactions in the United States and China. It will take several months to adequately review this material and distill that subset that should be efficiently presented to the Court or a trier of fact to resolve this case. In addition, in light of the confiscation of all of Barton's business and personal records by the court-appointed receiver, Barton and his counsel to do not have ready access to these records, which are material to Barton's defense and must be accessed at the discretion, availability and leave of the court-appointed receiver. Following review of this material, Barton's counsel will likely have to interview witnesses and engage experts in preparation for trial.

The Speedy Trial Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later, 18 U.S.C. § 3161(c)(1), but "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Accordingly, to "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. The Act excludes any period of delay resulting from a continuance granted based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor relevant this analysis would be whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

- 3 -

preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).  In addition, a continuance should be granted where the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).

As noted above, Barton needs time to obtain and review a substantial amount of discovery from the government.  After review of this discovery, Barton's counsel likely will need time to interview potential witnesses, research various issues and file pretrial motions.  Moreover, Barton will need to get access to his business and personal files currently under the control of the court-appointed receiver.  Both the Government and Barton agree that under these circumstances and the complexity and document-intensive nature of this white collar case, the ends of justice are served by granting the continuance, and that such action outweighs the best interest of the public and the defendant in a speedy trial.

A trial earlier than December 2023, is problematic in light of calendar conflicts with Barton's counsel.  Undersigned counsel Roper and Porter have several jury trials already scheduled for this calendar year, including, (1) a multiple defendant four-week trial beginning on July 17, 2023, in *United States v. Hall et al.*, no. 3:18-cr-00623-S (N.D. Tex.); (2) a multi-defendant, multi-week jury trial beginning on September 11. 2023, in *United States v. Madison et al.*, no. 6:22-cr-3-JDK-JDL   (E.D. Tex.); and (3) a multi-defendant, multi-week jury trial beginning on October 24, 2023, in *United States v. Del Entertainment, Inc. et al.*, no. 2:22-cr-00267-MEMF (C.D, Cal.)

IV.    **Conclusion**

Defendant Barton respectfully requests that the Court extend time to file pretrial motions and continue the trial of this cause until at least December 2023.

Dated: February 28, 2022

Respectfully submitted,


*/s/ Richard B. Roper*
Richard B. Roper
State Bar No. 17233700
richard.roper@hklaw.com

Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252


By: */s/ Michael J. Edney*
Michael J. Edney
DC Bar No. 492024 (*admitted to the Northern District of Texas)*
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF CONFERENCE

On February 24, 2023 I conferred with Assistant United States Attorney Renee Hunter who informed me that the government does not oppose the granting of instant motion for continuance, but did not necessarily agree to a trial date in December 2023.

/s/ *Richard B. Roper*
Richard B. Roper

## CERTIFICATE OF SERVICE

On February 27, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Richard B. Roper*
Richard B. Roper