IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | |
| TIMOTHY LYNCH BARTON | § § | No.  3-22-CR-00352-K |
| *Defendant* | § § | |

DEFENDANT TIMOTHY BARTON'S UNOPPOSED MOTION TO CONTINUE
THE TRIAL AND EXTEND PRETRIAL DEADLINES AND BRIEF IN SUPPORT

Defendant Timothy Lynch Barton ("Barton" or "Defendant") respectfully requests that

the Court continue the trial date and extend pretrial deadlines from the current date of February

28, 2024.

I.      Background.

On September 20, 2022, a grand jury charged Defendant in a nine-count indictment with

Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 1-7), Conspiracy to Commit Wire Fraud, in

violation of 18 U.S.C. § 1349 (Count 8), and Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff

(Count 8).  On September 23, 2022, Barton was arrested, and he was released under conditions

of release on September 26, 2022.  (Doc. 12).  That same day, the United States Securities and

Exchange Commission ("SEC") filed a complaint against Barton, Stephen T. Wall, and

Haoqiang Fu (also known as Michael Fu).  *United States v. Timothy Lynch Barton et al.*, N.D.

Tex. No. 3:22-CV-2118-X.

On October 4, 2022, the Court entered a pretrial scheduling order, setting certain pretrial

deadlines and a trial date of December 5, 2022. (Doc. 15, at 1). On October 5 and 12, 2022,

Barton's counsel entered their appearances.  (Doc. 17-19).

- 1 -

After entry of appearance of counsel in the criminal case, on October 18, 2022, Judge Brantley Starr of the United States District Court for the Northern District of Texas granted the SEC's motion to appoint a receivership over various corporate entities related to Barton. The receiver subsequently seized Barton's businesses, as well as those businesses' books and records and Barton's personal records. Since that time, the Defendant has not had access to records that were located at his business offices and are now in the possession of the receiver. The receiver also seized and sold Barton's family home. As a result of the receivership, essentially all of Barton's assets have been frozen for over a year and continue to be to this day.

On November 11, 2022, the Court granted Barton's unopposed motion to continue the trial date and set the t trial date of May 8, 2023. (Doc. 42). In November 2022, Barton received the first tranche of government discovery consisting of a one-terabyte hard drive. Since that date, Barton's counsel have continued to work with Government counsel to obtain further discovery in this case. The Government produced two additional hard drives containing a substantial amount of discovery. Additionally, in the next couple of weeks, the Government plans to produce additional discovery. All told, the Government's productions alone result in hundreds of thousands—if not millions—of documents relevant to the preparation of Barton's defense, even before the Defendant and his counsel evaluate the relevance of documentation outside of the Government's productions. On March 8, 2023, the Court granted Barton's second unopposed motion for continuance, resetting the trial for February 28, 2024. (Doc. 46). The Court set December 1, 2023, as the deadline for filing pretrial motions. (Doc. 46, at 2).

Barton successfully challenged the imposition of the receivership at the Fifth Circuit Court of Appeals. *SEC v. Barton*, 79 F.4th 573 (5th Cir 2023). The Fifth Circuit reversed the seizure of the Defendants' assets, vacated the District Court's order appointing the receiver, and

remanded the case back to the District Court. *Id*. at 581. The Fifth Circuit, however, allowed the receiver to retain the Defendant's assets until November 29, 2023, on the possibility that the Securities and Exchange Commission might be able to make a showing for a new receiver to take possession of a subset of them. On remand, the SEC sought another broad receivership, and Judge Starr conducted an evidentiary hearing on that motion. Barton's counsel opposed the imposition of a new receivership and requested, at least, a partial release of assets to fund Barton's defense, should any new receivership or injunction be imposed. To date, Judge Starr has not ruled on these requests.

**II.     A Continuance is Necessary and Would Serve the Purposes of Justice and Fairness.**

Barton requests that the Court extend the time to file pretrial motions and continue the trial date from February 28, 2024 until July 2024. Barton and his counsel require additional time to review the extensive pretrial discovery the Government has produced and is poised to further produce. Defense counsel's information technology vendor has informed them that the process of even transitioning the multiple terabytes of produced information to a platform upon which it can be reviewed will take weeks. Barton's counsel then must review that significant electronic discovery.

In short, this case concerns Government allegations regarding a course of dealing with several foreign lenders and the handling of business loan proceeds by complex real estate development businesses. As such, more than a million documents, created over many years, are relevant. The various transactions alleged in the indictment involve complex financial and real estate transactions that occurred in the United States and China. It will take several months to adequately review this material and distill it to a subset that could be efficiently presented to the Court or a trier of fact to resolve this case. Additionally, in light of the confiscation of all of Barton's business entities and many of his personal effects by the court-appointed receiver,

Barton and his counsel do not have ready access to records that are material to Barton's defense and currently can only be accessed at the discretion, availability, and leave of the court-appointed receiver. Following review of this material, Barton's counsel will very likely need to interview witnesses and engage experts in preparation for trial. Each of these steps will require significant time.

The Speedy Trial Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later, 18 U.S.C. § 3161(c)(1), but "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Accordingly, to "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. The Act excludes any period of delay resulting from a continuance granted based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor relevant this analysis is whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). In addition, a continuance should be granted where the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

As noted above, Barton and his counsel require additional time to obtain and review a substantial amount of discovery from the Government. After review of this discovery, Barton's counsel will very likely need to interview potential witnesses, engage experts, research various

issues, and file pretrial motions.  Moreover, Barton will require access to his business and personal files currently under the control of the court-appointed receiver.  Under these circumstances and given the complexity and document-intensive nature of this case involving allegations of complex financial crimes, the ends of justice are served by granting the continuance, and that such considerations outweigh the public's and the defendant's interest in a speedy trial.

As already referenced, compounding the problem with voluminous discovery is the fact that the court-appointed receiver in the parallel action initiated by the SEC has effectively placed severe limitations on Barton from accessing his personal and corporate books and records. Without access to these books and records, Barton is unable to prepare for trial.  In light of the litigation over the imposition of the receivership, these books and records remain under lock and key.  There has been a significant amount of litigation between Barton and the SEC related to the District Court's imposition of a receivership over corporate entities related to Barton.  As noted above, this resulted in the Fifth Circuit's vacatur of what it determined was an illegally-appointed receiver.  The SEC's seizure of assets has deprived the Defendant of resources to fund a defense of the criminal action.  The unavailability of resources to fund Defendant's defense of that civil and criminal actions and the considerable time litigating this pre-trial question in the SEC's enforcement action has made preparations for this criminal trial very difficult.

In addition, a continuance should be granted in the interest of justice.  Barton's counsel in the instant case entered their appearances prior to the imposition of the receiver in the SEC enforcement action and the concurrent freezing of Barton's assets.   Since the imposition of the receivership and the subsequent litigation, Barton's counsel have not been paid.  In fact, the receiver has made attempts to claw back payments made to some of Barton's counsel.   Under

these circumstances, Barton's counsel respectfully request that the Court continue the case in the interest of justice to allow Barton access to his assets to fund a defense in the criminal case. Otherwise, the SEC has effectively blocked Barton from defending himself with the counsel of his choice.

## III.    Conclusion

Defendant Barton respectfully requests that the Court extend time to file pretrial motions and continue the trial of this cause from February 28, 2024 until at least July 2024.

Dated: November 28, 2023                          Respectfully submitted,


*/s/ Richard B. Roper*
Richard B. Roper
State Bar No. 17233700
richard.roper@hklaw.com

Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

By: */s/ Michael J. Edney*
Michael J. Edney
DC Bar No. 492024 (*admitted to the Northern District of Texas*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

**CERTIFICATE OF CONFERENCE**

On November 28, 2023, I conferred with Assistant United States Attorney Renee Hunter, who informed me that the government does not oppose the granting of instant motion for continuance, but is not privy to actions of the SEC and Receiver in the SEC enforcement action, and therefore, is not in a position to agree to the averments made in the motion regarding the actions of the SEC and Receiver.

*/s/ Richard B. Roper*
Richard B. Roper

**CERTIFICATE OF SERVICE**

On November 28, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Richard B. Roper*
Richard B. Roper