**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY LYNCH BARTON** | § | **No. 3-22-CR-00352-K** |
| | § | |
| *Defendant* | § | |

**DEFENDANT TIMOTHY BARTON'S UNOPPOSED
MOTION TO CONTINUE THE TRIAL AND EXTEND
PRETRIAL DEADLINES AND BRIEF IN SUPPORT**

Defendant Timothy Lynch Barton ("Barton" or "Defendant") respectfully requests that

the Court continue the trial date and extend pretrial deadlines from the current trial setting of

March 3, 2025, until at least September 2025 or a time thereafter convenient to the Court.

## I. Background

### a. Criminal Case

On September 20, 2022, a grand jury charged Defendant in a nine-count indictment with

Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 1-7), Conspiracy to Commit Wire Fraud, in

violation of 18 U.S.C. § 1349 (Count 8), and Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff

(Count 8). On September 23, 2022, Barton was arrested, and he was released under conditions

of release on September 26, 2022. (Doc. 12). On October 4, 2022, the Court entered a pretrial

scheduling order, setting certain pretrial deadlines and a trial date of December 5, 2022. (Doc.

15, at 1). On October 5 and 12, 2023, Barton's counsel entered their appearances. (Doc. 17-19).

On November 11, 2022, the Court granted Barton's unopposed motion to continue the

trial and set the trial date of March 8, 2023. (Doc. 42). In November 2022, Barton received the

first tranche of government discovery consisting of a one-terabyte hard drive.  Since that date, Barton's counsel have continued to work with Government counsel to obtain further discovery in this case.  The Government produced additional hard drives containing a substantial amount of discovery. All told, the Government's productions alone result in hundreds of thousands—if not millions—of documents relevant to the preparation of Barton's defense, even before the Defendant and his counsel evaluate the relevance of documentation outside of the Government's productions.  On March 8, 2023, the Court granted Barton's second unopposed motion for continuance, resetting the trial date for February 28, 2024.  (Doc. 56).

On December 12, 2023, the government filed a superseding indictment adding defendants Stephen T. Wall and Saskya Bedoya and additional counts.  (Doc. 56) Based on the superseding indictment, the Court granted the defendants Walls and Bedoya's motion to continue the trial until September 9, 2024. (Doc. 75) On June 4, 2024, the Court granted the defendants' unopposed motion to continue the trial from the current trial date of March 3, 2025 and setting the pretrial motions deadline at January 17, 2025.  (Doc. 85)

### b.  Parallel SEC Enforcement Action

On September 20, 2022, the same day Barton was arrested, the United States Securities and Exchange Commission ("SEC") filed a civil enforcement action against Barton, Stephen T. Wall, and Haoqiang Fu (also known as Michael Fu).  *United States v. Timothy Lynch Barton et al.*, N.D. Tex. No. 3:22-CV-2118-X.   After entry of appearance of counsel in the criminal case, on October 18, 2022, Judge Brantley Starr of the United States District Court for the Northern District of Texas granted the SEC's motion to appoint a receiver over many of the corporate entities related to Barton.  The imposition of the receivership was devastating to Barton. Barton has essentially been robbed of ability to fund or otherwise mount an effective defense.  The

receiver seized all of Barton's businesses, as well as those businesses' books and records and Barton's personal records. Since that time, Barton has not had access to records that were located at his business offices that are now in the possession of the receiver. The receiver also seized and is attempting to sell Barton's family home. As a result of the receivership, essentially all of Barton's assets have been frozen and inaccessible to Barton and his counsel.

Barton appealed Judge Starr's order imposing this broad and expansive receivership. He was successful. The Fifth Circuit Court of Appeals reversed. *SEC v. Barton*, 79 F.4th 573 (5th Cir 2023). The Fifth Circuit vacated the District Court's order appointing the receiver and remanded the case back to the District Court. *Id*. at 581. On remand, Judge Starr conducted an evidentiary hearing on the SEC's motion to re-impose a new receiver again over a broad swath Barton-related entities. Barton's counsel again opposed the imposition of a new receivership and requested a partial release of assets to fund Barton's defense, should any new receivership or injunction be imposed. Judge Starr disagreed with Barton and reinstituted the receivership over virtually all the Defendant's businesses, leaving out only a handful of defunct entities with no assets. In doing so, the District Court permitted the Government to seize businesses having nothing to do with the allegations in this case, including apartment complexes whose construction was funded by tens of millions of dollars in Government and third party loans well before any of the conduct alleged in this matter. Judge Starr's order seizing these assets again also erroneously made no provision for some of them to be used in Mr. Barton's defense, despite a detailed request to do so.

Barton again appealed this order. In his appeal, Barton raised serious legal question regarding the propriety and scope of the receivership, including whether the Commission had jurisdiction to seek it because the underlying transactions are not securities, whether the

circumstances met the strict necessity requirements demanded by the Fifth Circuit for seizing a defendant's assets at the beginning of the case, whether the receivership could extend to far flung companies having little or nothing to do with the Government's allegations, and whether the District Court erred by allowing none of the seized assets to be used at least for Barton's defense. In recognition of the serious issues presented, the Fifth Circuit set the case for expedited oral argument during the week of February 3, 2025.

## II.    A Continuance is Necessary and Would Serve the Purposes of Justice and Fairness.

Barton requests that the Court extend the time to file pretrial motions and continue the trial date from March 3, 2025 until September 2025 or a time thereafter convenient to the Court.

There is good cause for the continuance, and the continuance is in the interests of justice. This case presents novel issues regarding the interaction of two, parallel government enforcement actions: The instant criminal prosecution and the Securities and Exchange Commission's civil suit making an overlapping claim of securities fraud. The merits litigation of the Commission's suit is stayed, and the Commission's suit thus is not being used to determine the truth of the matters alleged by the Government. The civil suit's current sole purpose is to have seized all the Defendant's assets, including his only home, thus disabling their use in defending Mr. Barton against the Government's charges. The means of this seizure was the imposition a prejudgment receivership over every company even remotely associated with Mr. Barton (including companies majority owned by others).

The Commission's following of a securities fraud allegation with a receivership and/or asset freeze seizing all of a defendant's assets imposed from the earliest days of the case has now become a regular practice for the Commission. It leaves the Defendant virtually powerless to respond to the Government's allegations, especially in a complex business case turning on hundreds of thousands or millions of documents, unfairly deepening the Government's already

profound advantage in resources and manpower in enforcement cases and criminal prosecutions. The threat of such actions to liberty are all the more profound when the Government has chosen to bring a parallel criminal action.

The Fifth Circuit recognized these problems when it reversed Judge Starr's imposition of the receivership, expressing particular concern about the receivership's blanket seizure of all corporate assets, however remote from the allegations in question, leaving the Defendant with nothing to defend himself. Judge Starr, on remand, seized all the Defendant's assets again, leaving out of the receivership only a handful of defunct entities without assets. As noted above, the Fifth Circuit will hear oral argument on the appeal of that decision during the week of February 3, 2025. That appeal raises serious legal questions, and undersigned counsel hope that the appeal will liberate all, or at least some, of the Defendant's assets from the receivership and level the playing field to defend against the merits of the Government's charges in the instant criminal action. Among the issues being appeal is the district court's refusal to allow any of the assets seized through the receivership to be used even in defense of the Government's charges.

The Defendant respectfully submits that the best course of action would be to defer trial of this criminal case until the Fifth Circuit decides the appeal of the scope and propriety of the receivership seizing all the Defendant's assets and barring their use in the defense of this matter. The Defendant believes the requested continuance will allow the Fifth Circuit time to do so, based on the current schedule of the appeal.

The importance of Mr. Barton having access to financial resources to defend against the Government's charges is underscored by the immense volume of data at issue in this case, including time to review the extensive pretrial discovery the Government has produced and is poised to further produce. Importantly, because of the litigation regarding the receivership,

Defense has still been unable to review the corporate and personal records under the control of the receiver. Barton's counsel must obtain access and review this material in order to prepare for trial. Following review of this material, Barton's counsel will very likely need to interview witnesses and engage experts in preparation for trial. Each of these steps will require significant time.

The Speedy Trial Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later, 18 U.S.C. § 3161(c)(1), but "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Accordingly, to "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. The Act excludes any period of delay resulting from a continuance granted based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor relevant this analysis is whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Barton needs such time to effectively defend himself from the indictment allegations.

In addition, a continuance should be granted where the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Under the circumstance, Barton submits, and the government agrees, that this case should be designated

- 6 -

complex excluded from the normal Speedy Trial Act time restraints pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

As noted above, Barton and his counsel need access to records to prepare for trial. require additional time to obtain and review a substantial amount of discovery from the Government. Barton submits that, under these circumstances and given the complexity and document-intensive nature of this case involving allegations of complex financial crimes, the ends of justice are served by granting the continuance, and that such considerations outweigh the public's and the defendant's interest in a speedy trial.

As noted above, Barton's counsel, who, as a result of the receivership's asset freeze, is severely resource limited, has spent hundreds, if not thousands, of hours litigating this pre-trial question in the SEC's enforcement action. This heavy workload, while critical to Barton's defense, has also made even minimal preparations for this criminal trial essentially impossible.

In addition, a continuance should be granted in the interest of justice, given the seizure of assets under appeal as described above. Barton's counsel in the instant case entered their appearances prior to the imposition of the receiver in the SEC enforcement action and the concurrent freezing of Barton's assets. Under these circumstances, Barton's counsel respectfully request that the Court continue the case in the interest of justice to allow Barton access complete litigation of his appeal before the Fifth Circuit and to obtain access to at least a portion of his assets to fund a defense in the criminal case. Otherwise, the SEC has effectively blocked Barton from defending himself with the counsel of his choice.

### III. Conclusion

Defendant Barton respectfully requests that the Court should be designated complex excluding this case from the normal Speedy Trial Act time restraints. See 18 U.S.C. §

3161(h)(7)(B)(ii).  The Court should extend time to file pretrial motions and continue the trial of this cause from current trial date of March 3, 2025 until at least September 2025 or to time thereafter convenient to the Court.

Dated: December 17, 2024                                 Respectfully submitted,

*/s/ Richard B. Roper*
Richard B. Roper
State Bar No. 17233700
richard.roper@hklaw.com

Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

By: */s/ Michael J. Edney*
Michael J. Edney
DC Bar No. 492024 (*admitted to the Northern District of Texas)*
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**


## CERTIFICATE OF CONFERENCE

On December 7, 2024, I conferred with Assistant United States Attorney Renee Hunter, and counsel for the other charged defendants who informed me that they do not oppose the granting of instant motion for continuance.

*/s/ Richard B. Roper*
Richard B. Roper


## CERTIFICATE OF SERVICE

- 9 -

On December 17, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ Richard B. Roper
Richard B. Roper