**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY LYNCH BARTON** | § | **No. 3-22-CR-00352-K** |
| | § | |
| *Defendant* | § | |
| | § | |

**DEFENDANT TIMOTHY BARTON'S UNOPPOSED
MOTION TO CONTINUE THE TRIAL AND EXTEND
PRETRIAL DEADLINES AND BRIEF IN SUPPORT**

Defendant Timothy Lynch Barton ("Barton" or "Defendant") respectfully requests that the Court continue the trial date and extend pretrial deadlines from the current trial setting of October 6, 2025, until at least January 2026 or a time thereafter convenient to the Court.

## I. Background

### a. Criminal Case

On September 20, 2022, a grand jury charged Defendant in a nine-count indictment with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 1-7), Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 8), and Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff (Count 8). On September 23, 2022, Barton was arrested, and he was released under conditions of release on September 26, 2022. (Doc. 12). On October 4, 2022, the Court entered a pretrial scheduling order, setting certain pretrial deadlines and a trial date of December 5, 2022. (Doc. 15, at 1). On October 5 and 12, 2023, Barton's counsel entered their appearances. (Doc. 17-19).

On November 11, 2022, the Court granted Barton's unopposed motion to continue the trial and set the trial date of March 8, 2023. (Doc. 42). In November 2022, Barton received the first tranche of government discovery consisting of a one-terabyte hard drive. Since that date,

- 1 -

Barton's counsel have continued to work with Government counsel to obtain further discovery in this case. The Government produced additional hard drives containing a substantial amount of discovery. All told, the Government's productions alone result in hundreds of thousands—if not millions—of documents relevant to the preparation of Barton's defense, even before the Defendant and his counsel evaluate the relevance of documentation outside of the Government's productions. On March 8, 2023, the Court granted Barton's second unopposed motion for continuance, resetting the trial date for February 28, 2024. (Doc. 56).

On December 12, 2023, the government filed a superseding indictment adding defendants Stephen T. Wall and Saskya Bedoya and additional counts. (Doc. 56) Based on the superseding indictment, the Court granted the defendants Walls and Bedoya's motion to continue the trial until September 9, 2024. (Doc. 75) On December 20, 2024, the Court granted the defendants' unopposed motion to continue the trial and set the current trial date of October 6, 2025 and setting the pretrial motions deadline at August 9, 2025. (Doc. 92)

### b. Parallel SEC Enforcement Action

On September 20, 2022, the same day Barton was arrested, the United States Securities and Exchange Commission ("SEC") filed a civil enforcement action against Barton, Stephen T. Wall, and Haoqiang Fu (also known as Michael Fu). *United States v. Timothy Lynch Barton et al.*, N.D. Tex. No. 3:22-CV-2118-X. After entry of appearance of counsel in the criminal case, on October 18, 2022, Judge Brantley Starr of the United States District Court for the Northern District of Texas granted the SEC's motion to appoint a receiver over many of the corporate entities related to Barton. The imposition of the receivership was devastating to Barton. Barton believe that the imposition of the receivership has substantially interfered with his ability to fund or otherwise mount an effective defense. The receiver seized all of Barton's businesses, as well

as those businesses' books and records and Barton's personal records.  Since that time, Barton has not had access to records that were located at his business offices that are now in the possession of the receiver.  The receiver also seized and sold Barton's family home.  As a result of the receivership, essentially all of Barton's assets have been frozen and inaccessible to Barton and his counsel.

Barton appealed Judge Starr's order imposing this receivership.  He was successful. The Fifth Circuit Court of Appeals reversed. *SEC v. Barton*, 79 F.4th 573 (5th Cir 2023).  The Fifth Circuit vacated the District Court's order appointing the receiver and remanded the case back to the District Court.  *Id*. at 581.  On remand, Judge Starr conducted an evidentiary hearing on the SEC's motion to re-impose a new receiver again over a broad swath Barton-related entities. Barton's counsel again opposed the imposition of a new receivership and requested a partial release of assets to fund Barton's defense, should any new receivership or injunction be imposed. Judge Starr disagreed with Barton and reinstituted the receivership over all of the Defendants' assets, leaving out only a handful of defunct businesses with no assets.  In doing so, the District Court permitted the Government to seize businesses, which Barton contends has nothing to do with the allegations in this case, including apartment complexes whose construction was funded by tens of millions of dollars in Government and third party loans well before any of the conduct alleged in this matter.  Judge Starr's order seizing these assets again and made no provision for some of them to be used in Mr. Barton's defense, despite a detailed request to do so.  Barton again appealed this order.  In May 2025, a two-judge panel of the Fifth Circuit affirmed.  In June 2025, the Fifth Circuit denied rehearing *en banc*.  The case presents several important questions regarding the prejudgment seizure of assets, and the effect of such seizure of the ability to defend

parallel criminal proceedings.  Barton intends to seek review of the receivership in the Supreme Court of the United States.

At the same time, Barton's counsel are working to bring a negotiated resolution to the SEC case.  If a settlement of the SEC matter that frees some assets to support his defense is not reached, then Barton will request court-appointed counsel.  .Barton's counsel believes that within the next 60 days it will be clear whether a is forthcoming or impossible.  In the event a settlement is not possible, Barton's counsel has exhausted all efforts to retain counsel of his choice, and he will notify the court so that Barton can apply for court-appointed counsel.

## II.    A Continuance is Necessary and Would Serve the Purposes of Justice and Fairness.

Barton requests that the Court extend the time to file pretrial motions and continue the trial date from October 6, 2025 until January 2026 or a time thereafter convenient to the Court.

There is good cause for the continuance, and the continuance is in the interests of justice. As noted in earlier pleadings, this case presents issues regarding the interaction of two, parallel government enforcement actions: The instant criminal prosecution and the SEC's civil suit making an overlapping claim of securities fraud.  The SEC's civil suit has effectively resulted in all of Barton's assets, including his only home, being seized thus disabling their use in defending Barton against the Government's charges.  The means of this seizure was the imposition a prejudgment receivership over every company even remotely associated with Mr. Barton (including companies majority owned by others). These actions substantially impact Varton's ability to respond to the Government's allegations, especially in a complex business case turning on hundreds of thousands or millions of documents. ,.

The importance of Mr. Barton having access to financial resources to defend against the Government's charges is underscored by the immense volume of data at issue in this case, including time to review the extensive pretrial discovery the Government has produced and is

poised to further produce.  Importantly, because of the litigation regarding the receivership, Defense has still been unable to review the corporate and personal records under the control of the receiver.  Barton's counsel must obtain access and review this material in order to prepare for trial.  Following review of this material, Barton's counsel will very likely need to interview witnesses and engage experts in preparation for trial.  Each of these steps will require significant time.

If Barton is able to resolve the SEC case and fund his defense, then he can proceed to trial at the next trial setting, In the event Barton is unsuccessful then Barton can apply for court-appointed counsel.  Thus, Barton respectfully submits that the best course of action would be to continue the trial  of this criminal case to permit at least 60 days to determine whether Barton is able to either settle the SEC's case or determine that a settlement is fruitless.

This request is in the interests of justice.  It would be better for a robust adversarial process if Barton were represented by private counsel, in the numbers and with the resources to process the hundreds of thousands of documents at issue in this complex commercial case.  .  It would also be better for the scarce resources of this Court to fund appointed counsel, through the Criminal Justice Act, if Barton were to reach a resolution and be able to proceed with counsel of his choosing and his funding.  The requested continuance would keep open that possibility.

Such a continuance would be in harmony with the Speedy Trial Act.  While this Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later, 18 U.S.C. § 3161(c)(1), "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).  Accordingly, to "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay

that are excluded in computing the time within which trial must start." *Id*.  The Act excludes any period of delay resulting from a continuance granted based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  One factor relevant this analysis is whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).  Barton needs such time to effectively defend himself from the indictment allegations.

In addition, a continuance should be granted where the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii). Under the circumstance, Barton submits, and the government agrees, that this case should be designated complex excluded from the normal Speedy Trial Act time restraints pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

As noted above, Barton and his counsel need access to records to prepare for trial. require additional time to obtain and review a substantial amount of discovery from the Government.  Barton submits that, under these circumstances and given the complexity and document-intensive nature of this case involving allegations of complex financial crimes, the ends of justice are served by granting the continuance, and that such considerations outweigh the public's and the defendant's interest in a speedy trial.

As noted above, Barton's counsel, who, as a result of the receivership's asset freeze, is severely resource limited, has spent hundreds, if not thousands, of hours litigating this pre-trial

question in the SEC's enforcement action.   This heavy workload, while critical to Barton's defense, has also made adequate preparations for this criminal trial essentially impossible.

In addition, a continuance should be granted in the interest of justice, given the seizure of assets under appeal as described above. Barton's counsel in the instant case entered their appearances prior to the imposition of the receiver in the SEC enforcement action and the concurrent freezing of Barton's assets.  Under these circumstances, Barton's counsel respectfully request that the Court continue the case in the interest of justice to allow Barton complete resolution discussions and/or litigation to obtain access to at least a portion of his assets to fund a defense in the criminal case.  Otherwise, Barton will be unable to defend himself with the counsel of his choice and he will notify the Court so that Barton can apply for court-appointed counsel. Barton's counsel will notify the court within the next 60 days.

## III.   Conclusion

Defendant Barton respectfully requests that the Court should designate this case as complex, excluding this case from the normal Speedy Trial Act time restraints.  See 18 U.S.C. § 3161(h)(7)(B)(ii).  The Court should extend time to file pretrial motions and continue the trial of this cause from current trial date of October, 2025 until at least January 2026 or to a time thereafter convenient to the Court.

Dated: June 27, 2025                                        Respectfully submitted,

*/s/ Richard B. Roper*
Richard B. Roper
State Bar No. 17233700
richard.roper@hklaw.com

Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

By: */s/ Michael J. Edney*
Michael J. Edney
DC Bar No. 492024 (*admitted to the Northern District of Texas)*
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**


## CERTIFICATE OF CONFERENCE

I conferred with Assistant United States Attorney Renee Hunter, and counsel for the other charged defendants who informed me that they do not oppose the granting of instant motion for continuance. AUSA Hunter also indicated that she has a jury trial scheduled on September 8, 2025 before Judge Scholar, in a case styled *United States v. Joseph Garza et al*., No. 3:22-cr-00390-S, which trial will last at least 30 days. AUSA Hunter adds that she does not necessarily agree with the factual assertions made by Barton, but is unopposed to the continuance based on continuity of counsel for both the government and Barton.

I have also conferred with defendant Hall's counsel Mr. Michael Heiskell who has also indicated that he does not oppose the granting of this motion. I have also conferred with counsel for Defendant Zuniga, Mr. Robert Smith who also has indicated that he does not oppose this motion.

*/s/ Richard B. Roper*
Richard B. Roper

- 8 -

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

On June 27, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

<u>*/s/ Richard B. Roper*</u>
Richard B. Roper