**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY LYNCH BARTON (1)** | § | **No. 3-22-CR-00352-K** |
| | § | |
| ***Defendant*** | § | |

**DEFENDANT TIMOTHY BARTON'S UNOPPOSED MOTION TO CONTINUE THE TRIAL AND EXTEND PRETRIAL DEADLINES AND BRIEF IN SUPPORT**

Defendant Timothy Lynch Barton ("Barton" or "Defendant") respectfully requests that the Court continue the trial date and extend pretrial deadlines from the current trial setting of March 26, 2026, until at least September 2026 or a time thereafter convenient to the Court.

## I. Background

### a. Criminal Case

On September 20, 2022, a grand jury charged Defendant in a nine-count indictment with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 1-7), Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 8), and Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff (Count 8). On September 23, 2022, Barton was arrested, and he was released under conditions of release on September 26, 2022. (Doc. 12). On October 4, 2022, the Court entered a pretrial scheduling order, setting certain pretrial deadlines and a trial date of December 5, 2022. (Doc. 15, at 1). On October 5 and 12, 2023, Barton's counsel entered their appearances. (Doc. 17-19).

On November 11, 2022, the Court granted Barton's unopposed motion to continue the trial and set the trial date of March 8, 2023. (Doc. 42). In November 2022, Barton received the first tranche of government discovery consisting of a one-terabyte hard drive. Since that date,

Barton's counsel have continued to work with Government counsel to obtain further discovery in this case. The Government produced additional hard drives containing a substantial amount of discovery. All told, the Government's productions alone result in hundreds of thousands—if not millions—of documents relevant to the preparation of Barton's defense, even before the Defendant and his counsel evaluate the relevance of documentation outside of the Government's productions. On March 8, 2023, the Court granted Barton's second unopposed motion for continuance, resetting the trial date for February 28, 2024. (Doc. 56).

On December 12, 2023, the government filed a superseding indictment adding defendants Stephen T. Wall and Saskya Bedoya and additional counts. (Doc. 56) Based on the superseding indictment, the Court granted the defendants Walls and Bedoya's motion to continue the trial until September 9, 2024. (Doc. 75) On December 20, 2024, the Court granted the defendants' unopposed motion to continue the trial and set the trial date of October 6, 2025, and setting the pretrial motions deadline at August 9, 2025. (Doc. 92) On August 6, 2025, the Court granted the defendants' unopposed motion to continue the trial and set the current trial date of March 26, 2026 and setting the pretrial motions deadline at January 20, 2026. (Doc. 99)

**b. Parallel SEC Enforcement Action**

On September 20, 2022, the same day Barton was arrested, the United States Securities and Exchange Commission ("SEC") filed a civil enforcement action against Barton, Stephen T. Wall, and Chinsed national Haoqiang Fu (also known as Michael Fu). *United States v. Timothy Lynch Barton et al.*, N.D. Tex. No. 3:22-CV-2118-X. After entry of appearance of counsel in the criminal case, on October 18, 2022, Judge Brantley Starr of the United States District Court for the Northern District of Texas granted the SEC's motion to appoint a receiver over all corporate entities related to Barton. The imposition of the receivership was devastating to Barton, as he had no meaningful personal assets other than those held in corporate entities. Barton believes that the

imposition of the receivership has substantially interfered with his ability to fund or otherwise mount an effective defense. The receiver seized all of Barton's businesses, as well as those businesses' books and records and Barton's personal records. Since that time, Barton has not had access to records that were located at his business offices that are now in the possession of the receiver. The receiver also seized and sold Barton's family home. As a result of the receivership, essentially all of Barton's assets have been frozen and inaccessible to Barton and his counsel. Effectively, with no assets available to pay counsel Barton has been denied the ability to engage counsel of his choice.

Barton appealed Judge Starr's order imposing this receivership. He was successful. The Fifth Circuit Court of Appeals reversed. *SEC v. Barton*, 79 F.4th 573 (5th Cir 2023). The Fifth Circuit vacated the District Court's order appointing the receiver and remanded the case back to the District Court. *Id*. at 581.

On remand, Judge Starr conducted an evidentiary hearing on the SEC's motion to re-impose a new receiver again over a broad swath Barton-related entities. Barton's counsel again opposed the imposition of a new receivership and requested a partial release of assets to fund Barton's defense, should any new receivership or injunction be imposed. Judge Starr disagreed with Barton and reinstituted the receivership over all of the Defendants' assets, leaving out only a handful of defunct businesses with no assets. In doing so, the District Court permitted the Government to seize businesses, which Barton contends has nothing to do with the allegations in this case, including apartment complexes whose construction was funded by tens of millions of dollars in Government and third-party loans well before any of the conduct alleged in this matter. Judge Starr's order seizing these assets again and made no provision for some of them to be used in Mr. Barton's defense, despite a detailed request to do so.

Barton again appealed this order. In May 2025, a two-judge panel of the Fifth Circuit

affirmed. In June 2025, the Fifth Circuit denied rehearing *en banc*.

Barton strongly submits that the SEC receivership action presents several important questions regarding the prejudgment seizure of assets, and the effect of such seizure of the ability to defend parallel criminal proceedings in a complex, document-intensive, white-collar case that raises issues under the Sixth Amendment to the United States Constitution.

On October 14, 2025, Barton filed a petition for a writ of certiorari in the Supreme Court, raising these issues. *See Barton v. Securities and Exchange Commission*, No. 25-465 (U.S. Sup. Ct.). Mutliple amici curiae briefs were filed urging the Supreme Court to grant review and to reverse the receivership because of their implications on important constitutional rights, especially in light of the parallel criminal case. Those briefs included submissions from Texas Attorney General Ken Paxton, United States Senator and member of the Senate Judiciary Committee Cynthia Loomis, and the New Civil Liberties Alliance.

The Securities and Exchange Commission, for its part, waived response, and the petition for distributed for the Supreme Court's December 5, 2025, conference. On consideration of the petition, the Court ordered the SEC and the United States Solicitor General to file a response, a relatively rare occurrence. The Solicitor General sought and was granted an extension of filing that response to January 26, 2026. This week, the Solicitor General sought permission for another 30-day extension to file its response, pushing the response into late February 2026 and Court consideration of the petition to a March or April 2026 conference. Solicitor General requests for additional time to file briefs, even multiple successive requests, are routinely granted by the Court.

In light of the Court's call for a response and the seriousness of the issues presented, the leading commentator on such matters has identified the petition as one the handful of the thousands of petitions filed with the Court that has a "decent chance" of being granted. *See* https://www.scotusblog.com/case-files/petitions-were-watching.

If the Supreme Court does not take case or other judicial relief from the combination of the criminal case and the prejudgment asset seizure is not obtained and a settlement of the SEC matter that frees some assets to support his defense is not reached, then Barton will request court-appointed counsel.

In addition, the government has recently indicated that it will seek the return of a superseding indictment in this case.

## II. A Continuance is Necessary and Would Serve the Purposes of Justice and Fairness.

In light of these circumstances, Barton requests that the Court extend the time to file pretrial motions and continue the trial date from March 26, 2026 until September 2026 or a time thereafter convenient to the Court.

There is good cause for the continuance, and the continuance is in the interests of justice. As noted in earlier pleadings, this case presents issues regarding the interaction of two, parallel government enforcement actions: The instant criminal prosecution and the SEC's civil suit making an overlapping claim of securities fraud. The SEC's civil suit has effectively resulted in all of Barton's assets, including his only home, being seized thus disabling their use in defending Barton against the Government's charges. The means of this seizure was the imposition of a prejudgment receivership over every company even remotely associated with Mr. Barton (include companies, majority owned by others). These actions substantially impact Barton's ability to respond to the Government's allegations, especially in a complex business case turning on hundreds of thousands or millions of documents.

The importance of Mr. Barton having access to financial resources to defend against the Government's charges is underscored by the immense volume of data at issue in this case, including time to review the extensive pretrial discovery the Government has produced and is poised to further produce, Importantly, because of the litigation regarding the receivership, Barton has still been unable to review the corporate and personal records under the control of the receiver.

Barton's counsel must obtain access to and review this material in order to prepare for trial. Following review of this material, Barton's counsel will very likely need to interview witnesses and engage experts in preparation for trial. Each of these steps will require significant time.

Giving the Supreme Court time to resolve Barton's petition (to which, in a relatively rare action, it has ordered the Government to respond) prior to the criminal trial will avoid imbedding in the criminal case the Sixth Amendment issues identified in the petition and the potentially unnecessary use of public resources to fund Mr. Barton's defense.

In addition, considering the forthcoming return of a superseding indictment, Barton will need time to respond to the new and different allegation in the superseding indictment.

This request is in the interests of justice. It would be better for a robust adversarial process if Barton were represented by private counsel, in the numbers and with the resources to process the hundreds of thousands of documents at issue in this complex commercial case.

This additional time will allow Barton to continue to litigate his claim against the SEC and digest and respond to the new superseding indictment. Such a continuance would be in harmony with the Speedy Trial Act. While this Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later, 18 U.S.C. § 3161(c)(1), "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Accordingly, to "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. The Act excludes any period of delay resulting from a continuance granted based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor relevant this analysis is whether the failure to grant a continuance "would deny counsel for the defendant or the

attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Barton needs such time to effectively defend himself from the indictment allegations.

In addition, a continuance should be granted where the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Under the circumstance, Barton submits, the government agrees, and the Court has already found that this case should be designated complex excluded from the normal Speedy Trial Act time restraints pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

## III. Conclusion

Defendant Barton respectfully requests that the Court should continue to designate this case as complex, excluding this case from the normal Speedy Trial Act time restraints. See 18 U.S.C. § 3161(h)(7)(B)(ii). The Court should extend time to file pretrial motions and continue the trial of this cause from current trial date of March 26, 2026 until at least September 2026 or to a time thereafter convenient to the Court.

Dated: January 15, 2026

Respectfully submitted,

*/s/ Richard B. Roper*
Richard B. Roper
State Bar No. 17233700
richard.roper@hklaw.com

**VARTABEDIEN, HESTER & HAYNES, LLP**
301 Commerce St., Suite 2200
Fort Worth, TX 76102
Phone: (817) 309-9092
Facsimile: (214) 999-9252

By: */s/ Michael J. Edney*
Michael J. Edney
DC Bar No. 492024 (*admitted to the Northern District of Texas)*
medney@huntonak.com

**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF CONFERENCE

I conferred with Assistant United States Attorney Renee Hunter, who informed me that the government does not oppose the granting of instant motion for continuance. AUSA Hunter AUSA Hunter also indicated that she has a jury trial scheduled on May 2026 before Judge Scholar, in a case styled *United States v. Joseph Garza et al*., No. 3:22-cr-00390-S, which trial will last 4-6 weeks. AUSA Hunter adds that she does not agree with most of the factual assertions made by Barton but is unopposed to the continuance based on continuity of counsel for both the government and Barton and the fact that the government plans to seek the returning of a superseding indictment. AUSA Hunter also stated that, barring extraordinary circumstances, the government will not agree to any further continuances.

I have also conferred with Defendant Wall's counsel, Mr. Michael Heiskell, who has also indicated that he does not oppose the granting of this motion. I have also conferred with counsel for Defendant Zuniga, Mr. Robert Smith, who also has indicated that he does not oppose this motion.

*/s/ Richard B. Roper*
Richard B. Roper

CERTIFICATE OF SERVICE

On January 15, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Richard B. Roper*
Richard B. Roper