**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | **Case No. 3:22-CR-00352-K** |
| SASKYA BEDOYA (03), | § | |
| | § | |

**DEFENDANT SASKYA BEDOYA'S UNOPPOSED MOTION TO CONTINUE**
**<u>THE TRIAL AND EXTEND PRETRIAL DEADLINES</u>**

Defendant Saskya Bedoya, by and through her undersigned counsel, respectfully moves this Honorable Court for an order continuing the trial date until January 2027 or a time thereafter convenient to the Court, and extending all pretrial deadlines in this matter. In support thereof, Bedoya respectfully shows the Court as follows:

## I. BACKGROUND

On September 20, 2022, a federal grand jury in the Northern District of Texas returned an indictment charging Defendant Timothy Lynch Barton with wire fraud, conspiracy to commit wire fraud, and securities fraud arising from an alleged scheme to defraud Chinese investors in real estate development projects.

On December 12, 2023, the grand jury returned a Superseding Indictment adding Stephen Wall and Saskya Bedoya as defendants. The Superseding Indictment charges nine counts against various defendants and alleges a scheme involving more than $26,000,000 in funds from Chinese investors in properties known as Wall Properties (Wall007 through Wall019).

Bedoya is charged in Count 8 (Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349) and Count 9 (Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2). Bedoya is also subject to a Criminal Forfeiture Notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The Government has produced voluminous discovery in this case, consisting of millions of pages of documents across multiple hard drives. The first tranche of discovery was a one-terabyte hard drive produced in November 2022. Since then, additional hard drives have been produced. The discovery includes complex financial records involving multiple entities, bank accounts, wire transfers from China, investor communications, and records relating to multiple real estate development projects.

## II. GOOD CAUSE EXISTS FOR A CONTINUANCE

Good cause exists to continue the trial date and extend pretrial deadlines. The primary basis for this motion is the enormous volume of discovery produced by the Government—millions of pages of documents—and the additional time needed for undersigned counsel to complete a thorough review of these materials.

This case involves complex financial transactions across multiple Wall Properties (Wall007 through Wall019), multiple bank accounts held by various entities including JMJ and Carnegie Development, wire transfers originating from China, and detailed financial records spanning years of alleged conduct. The discovery encompasses bank records, investor communications, PowerPoint presentations, corporate records, accounting documents, emails, and other voluminous materials that must be carefully reviewed and analyzed to provide effective representation.

The Sixth Amendment guarantees Bedoya the right to effective assistance of counsel. Counsel cannot adequately prepare for trial or file meaningful pretrial motions without completing a thorough review of the discovery materials. Given the volume and complexity of the documents produced, additional time is necessary to:

(a) Complete review of the millions of pages of discovery;

(b) Analyze and trace complex financial transactions across multiple entities and accounts;

(c) Identify and evaluate potential pretrial motions;

(d) Consult with the Defendant regarding the evidence and defense strategy; and

(e) Prepare adequately for trial in a multi-defendant case involving nine counts, multiple investor victims, international transactions, and a parallel SEC enforcement action.

The complexity of this case cannot be overstated. It involves three defendants, nine counts, numerous investor victims, international wire transfers, multiple corporate entities, and a parallel civil enforcement action by the Securities and Exchange Commission. The alleged scheme spans multiple years and involves sophisticated financial transactions that require detailed forensic analysis.

## III. THE SPEEDY TRIAL ACT

The requested continuance is consistent with the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. Under § 3161(h)(7)(A), any period of delay resulting from a continuance granted by the court shall be excluded from Speedy Trial Act calculations if the court finds that "the ends

of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

The ends of justice are served here because the failure to grant a continuance would deny counsel for Bedoya the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Given the millions of pages of discovery, the complexity of the financial transactions at issue, and the number of entities and transactions involved, counsel cannot reasonably be expected to complete its review and prepare for trial within the current schedule.

Additionally, this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The case involves:

- Three defendants charged in a multi-count superseding indictment;
- Allegations of a complex financial fraud scheme spanning multiple years;
- More than $26,000,000 in alleged investor losses;
- International wire transfers from investors in China;
- Multiple corporate entities and bank accounts;
- Millions of pages of discovery across multiple hard drives; and
- A parallel civil enforcement action by the SEC.

The Court has already designated this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and excluded it from the normal Speedy Trial Act time restraints. Bedoya respectfully requests that the Court continue to designate this case as complex and exclude the time resulting from this continuance from Speedy Trial Act calculations.

## IV. CONCLUSION

For the foregoing reasons, Defendant Saskya Bedoya respectfully requests that this Court:

1. Continue the trial date until January 2027 or a time thereafter convenient to the Court;
2. Extend all pretrial deadlines accordingly;
3. Continue to designate this case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii);
4. Exclude the resulting delay from Speedy Trial Act calculations; and
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GRAY REED**

By: _/s/ Anthony Box_
ANTHONY BOX
State Bar No. 24133857
1845 Woodall Rodgers Freeway
Suite 1300
Dallas, Texas 75201
Tel: (214) 954-4135
Email: abox@grayreed.com

**COUNSEL FOR DEFENDANT**
**SASKYA BEDOYA**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel certifies that counsel has conferred with counsel for the Government, and the Government does not oppose this motion. The undersigned has also conferred with counsel for Codefendant Stephen Wall, and he does not oppose the motion.

_/s/ Anthony Box_
Anthony Box

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 21, 20926, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF electronic filing system.

_/s/ Anthony Box_
Anthony Box