**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| **TIMOTHY BARTON (1)** | § | |
| **STEPHEN WALL (2)** | § | |
| **SASKYA BEDOYA (3)** | | |

**DEFENDANT STEPHEN WALL'S MOTION FOR TARGETED DISCOVERY CONCERNING PARALLEL SEC/CRIMINAL INVESTIGATION, RECEIVER INFORMATION FLOW, AND TAINT ISSUES**

**TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:**

COMES NOW, Defendant Stephen Wall moves for targeted discovery concerning communications and information flow among the United States Attorney's Office, FBI, SEC, and the court-appointed Receiver in the parallel civil and criminal proceedings. This motion seeks information necessary to determine whether further suppression, Kastigar-type, privilege, taint, or due-process relief is warranted.

## I. Relief Requested

Mr. Wall requests an order requiring the government to produce or make available for inspection the materials listed below concerning coordination between the criminal prosecution and the SEC civil action, including Receiver-obtained information, compelled productions, sworn statements, electronic data, privilege-review protocols, and communications about Mr. Wall.

## II. Background

The SEC filed a civil enforcement action based on the same alleged Wall-property investment scheme. The United States moved to intervene and stay that civil case, representing that the civil and criminal matters concerned the same acts and transactions, would share evidence and numerous witnesses, and had many common issues of fact and law. The stay order, however, expressly allowed the Receiver to continue performing his duties. *See Exhibits A and B* attached hereto. The proposed receiver order and related materials authorized sweeping access to records, accounts, assets, computers, storage devices, mail, sworn answers, and financial information.

This structure creates a legitimate defense concern: although civil discovery was stayed to protect the criminal matter, the Receiver remained active and empowered to collect information. The defense is entitled to know whether Receiver-collected or SEC-compelled materials flowed to the prosecution and whether any privileged, compelled, or tainted material was used directly or indirectly in the criminal case.

## III. Legal Standard

Parallel civil and criminal proceedings are not per se improper. But due process, the Fifth Amendment, the Sixth Amendment, attorney-client privilege, work-product protections, Brady, Giglio, Rule 16, and the Court's supervisory authority require disclosure sufficient to assess whether criminal prosecutors obtained or used information through civil mechanisms in a way that prejudiced the defense, bypassed criminal discovery limits, invaded privilege, or derived evidence from compelled statements or productions.

This motion does not allege misconduct as a conclusion. It seeks targeted discovery to determine whether a legally cognizable issue exists.

## IV. Argument

*A. The government's own stay motion confirms substantial overlap between the civil and criminal cases.*

The government represented that the criminal and civil matters involved the same acts and transactions and would share evidence and witnesses. That representation justifies targeted discovery into the coordination mechanisms, information transfers, and protection protocols used in this case.

*B. The Receiver's continued activity despite the stay creates a discrete discovery issue.*

The stay order excepted the Receiver from the stay. The receiver materials authorized the collection of assets, books, records, accounts, electronically stored information, mail, tax returns, sworn answers, and third-party records. If the Receiver collected information from Wall, Wall-related entities, third parties, computers, emails, bank accounts, or mail, and then transmitted that information to SEC staff or criminal prosecutors, the defense must know that now, before motions deadlines expire and before trial preparation is complete.

*C. The defense needs discovery to determine whether suppression, privilege, Kastigar-type, or taint-team relief is warranted.*

Potential relief may depend on facts not presently available to the defense. For example, if compelled civil testimony, compelled Receiver answers, privileged materials, or defense work product reached criminal prosecutors, the Court may need to conduct further inquiry. The requested discovery is tailored to identify whether such issues exist.

## V. Requested Production

1. All communications between the USAO, FBI, SEC, Receiver, Receiver's counsel, or Receiver's agents concerning Stephen Wall, Wall entities, Wall-related investor funds, Wall presentations, Wall emails, or Wall accounts.
2. All materials obtained by the Receiver that were provided to the USAO, FBI, DOJ, grand jury, or any criminal investigative agency.
3. All SEC civil investigative materials provided to the USAO, FBI, DOJ, or grand jury, including testimony transcripts, exhibits, proffers, subpoenas, document productions, and interview memoranda.
4. All requests by the USAO, FBI, or DOJ to the SEC or Receiver for documents, testimony, summaries, financial analyses, witness interviews, or investigative leads.
5. All logs or inventories of materials transferred from SEC or Receiver sources to criminal prosecutors or agents.
6. All privilege-review, taint-team, filter-team, or screening protocols used for Receiver-collected or SEC-collected materials.
7. All documents reflecting whether any attorney-client privileged or work-product materials involving Mr. Wall, his counsel, or Wall-related entities were collected, reviewed, segregated, transmitted, or used.
8. All compelled sworn statements, interrogatory-type responses, Receiver interviews, or testimony obtained from Mr. Wall or from persons affiliated with Wall-related entities after criminal proceedings began.

9. All search terms, review protocols, custodian lists, and electronic-data collections involving Mr. Wall's emails, devices, accounts, cloud materials, or business records.
10. All Brady, Giglio, or impeachment material arising from SEC or Receiver communications with Timothy Barton, Haoqaing Fu (aka Michael Fu), Saskya Bedoya, Mark Adams, Michael Matthews, investor witnesses, SEC staff, Receiver personnel, or third-party custodians.

## VI. Requested Procedure

Mr. Wall requests that the Court order production within a reasonable time trial, or alternatively require the government to file an ex parte or in camera submission identifying the categories of SEC/Receiver materials received by the prosecution, the dates received, and the filter protections applied.

## VII. Conclusion

Mr. Wall respectfully requests targeted discovery concerning the parallel civil/criminal investigation, Receiver information flow, and taint issues, and any further relief the Court deems appropriate.

Respectfully submitted,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or
firm@johnson-vaughn-heiskell.com

**MILNER WYNNE**

By: */s/ George Milner, III*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366
E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to contact AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are not opposed to the extent it is their custody and control and opposed to the taint issues with regards to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell