**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| **TIMOTHY BARTON (1)** | § | |
| **STEPHEN WALL (2)** | § | |
| **SASKYA BEDOYA (3)** | | |

**DEFENDANT STEPHEN WALL'S MOTION TO COMPEL WITNESS-RELATED BRADY, GIGLIO, RULE 16, AND JENCKS MATERIALS**

**TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:**

COMES NOW, Defendant Stephen Wall moves for an order requiring timely production of all Brady, Giglio, Rule 16, and Jencks Act materials relating to Haoqiang "Michael" Fu, Mark Adams, Michael Matthews, Saskya Bedoya, Timothy Barton, investor witnesses, SEC staff witnesses, Receiver-related witnesses, and any other material or cooperating witnesses.

## I. Relief Requested

Mr. Wall requests early production of witness materials sufficiently in advance of trial to permit meaningful use. This request is especially important because Fu, Adams, Matthews, and Bedoya appear to occupy distinct roles in the government's proof, and Fu is central to the Wall-specific theory.

## II. Background

The criminal docket reflects that Fu was charged by felony information, waived indictment, entered a plea agreement, and had a factual resume. The packets also include

FBI/FD-302 summaries and SEC investigative testimony excerpts for key witnesses. Fu is potentially both helpful and harmful to Wall: he reportedly described Wall as a builder while also placing Wall in pricing and compensation discussions. Adams appears tied to altered documents. Matthews appears tied to straw-buyer activity. Bedoya appears tied to cash management and bank accounts.

## III. Requested Materials

1. Fu's felony information, waiver of indictment, plea agreement, factual resume, cooperation agreement, sentencing memoranda, PSR objections relevant to cooperation, and any 5K1.1, Rule 35, or other benefit discussions.
2. All Fu proffer agreements, proffer notes, FBI 302s, SEC testimony transcripts, rough notes, drafts, corrections, exhibits, and communications with the government.
3. All prior inconsistent statements by Fu concerning Wall's role, pricing, markups, commissions, investor disclosures, Barton's account control, and whether Wall saw financial records.
4. All Adams statements, emails, device-extraction materials, proffer notes, agreements, benefits, and impeachment materials.
5. All Matthews statements, proffer notes, agreements, benefits, impeachment materials, and documents concerning straw-buyer entities and bank accounts.
6. All Bedoya statements, testimony excerpts, bank-account summaries, transfer instructions, cooperation/benefit information, and impeachment materials.
7. All investor-witness statements, translations, communications, compensation or immigration-related issues, civil recovery interests, Receiver claim materials, and impeachment materials.

8. All SEC and Receiver witness communications that contradict, qualify, or limit the government's Wall-specific theory.
9. All rough notes, draft 302s, finalized 302s, and agent notes for witness interviews where Wall, Fu, Barton, markups, presentations, or investor disclosures were discussed.
10. A list of all cooperating witnesses, immunized witnesses, witnesses with non-prosecution agreements, and witnesses who received or expect sentencing, civil, immigration, financial, restitution, or receivership benefits.
11. All evidence suggesting Wall had no knowledge of Barton's conversion or comingling of investor monies prior to Wall's awareness of the SEC/federal criminal investigation of this matter.
12. All evidence in any government investigative report, or document of any kind, suggesting it was the impression and/or opinion of any government agent, witness or attorney that Wall appeared to be an ordinary homebuilder and was not criminally involved with Barton and/or Michael Fu.
13. Information concerning every confidential human source who distinguished Wall from Barton and/or Fu;
14. All statements by any person that Wall appeared ethical and/or merely a builder;
15. Any evidence suggesting Wall was isolated from Barton's financial operations;
16. Any evidence it was Barton and/or Bedoya who controlled the money and not Wall;
17. Any evidence it was Barton who authored and/or created the investor materials;
18. All inconsistent statements made by Fu;
19. All inconsistent statements made by Michael Matthews and/or Mark Adams;
20. Any FBI assessments of witness credibility;

21. Any government reports of the success of the Wall 009 project; and

22. Any evidence showing zero Chinese investor money passed through to Stephen Wall.

## IV. Requested Timing

Because this case is document-heavy, translation-heavy, and involves multiple prior proceedings, production shortly before trial would not permit meaningful use. Mr. Wall requests production by a date certain sufficiently in advance of the trial date , or alternatively an order requiring rolling production and immediate disclosure of all known impeachment and exculpatory information.

## V. Conclusion

Mr. Wall respectfully requests that the Court grant this motion and order timely production of the requested witness-related materials.

Respectfully submitted,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or
firm@johnson-vaughn-heiskell.com

**MILNER WYNNE**

By: */s/ George Milner, III*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366

E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to contact AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are opposed to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell