**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| **TIMOTHY BARTON (1)** | § | |
| **STEPHEN WALL (2)** | § | |
| **SASKYA BEDOYA (3)** | | |

**DEFENDANT STEPHEN WALL'S MOTION AND BRIEF TO SEVER OR, IN THE ALTERNATIVE, FOR LIMITING INSTRUCTIONS AND EVIDENTIARY SEQUENCING**

**TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:**

COMES NOW, Defendant Stephen Wall moves under Federal Rule of Criminal Procedure 14(a) for severance from co-defendant, Timothy Barton, or alternatively for robust limiting instructions, evidentiary sequencing, and other relief necessary to protect him from unfair spillover prejudice.

## I. Relief Requested

Mr. Wall requests a separate trial. In the alternative, he requests pretrial evidentiary rulings requiring the government to identify which evidence is admissible against Wall, limiting instructions before and after any Barton-only evidence, and trial sequencing that prevents Barton's financial-control evidence from being used as undifferentiated proof against Wall.

## II. Background

The government's evidence against Barton appears extensive and financially detailed. The SEC materials reflected in the parallel civil proceedings describe Barton's control over Wall Entity and Carnegie accounts, signatory authority, commingling, transfers, loans against properties, payment of credit cards and personal expenses, legal fees, car payments, professional fees, and alleged Ponzi-style interest payments. Barton's alleged comingling, transfers, loans against properties, credit card payments, personal expense payments, legal payments, car payments, etc. took place well after the initial funds were raised. The alleged evidence against Wall is different in kind: presentations, project pricing discussions, emails involving markups and compensation for Haoqiang Fu (aka Michael Fu), China travel, and the $300,000 Barton payment/loan. Trying these together risks allowing the jury to use Barton's account-control and diversion evidence as a substitute for proof of Wall's intent.

## III. Legal Standard

Rule 14(a) permits severance or other relief if joinder appears to prejudice a defendant. The Supreme Court has recognized that district courts should grant severance or other appropriate relief where there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. See *Zafiro v. United States*, 506 U.S. 534 (1993).

"Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrong-doing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." Id. Further, "the trial

judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." United States v. Tarango, 396 F3d 666, 672 (5th Cir. 2005) (quoting Schaffer v. United States, 362 U.S. 511, 516 (1960).

## IV. Argument

A. *The evidence against Barton is broader, more inflammatory, and materially different from the evidence against Wall.*

The discovery place Barton at the center of account control, commingling, investor-fund movement, bank loans, and personal/business expenditures. The danger is that jurors will conclude that because Barton misused money in Wall-branded projects, but not Wall controlled, Wall must have joined that misuse. That is precisely the kind of spillover prejudice Rule 14 is designed to prevent when individualized proof is required. Here, the spillover prejudice to Wall is not speculative, it is virtually guaranteed.

Further, it is important to note the conversion of investment money was done by Barton, not Wall, but it was done through multiple projects with the "Wall" name, even though these were solely controlled by Barton. It is going to create great confusion for the jury throughout the trial to grasp that "Wall," the entity or account does not mean "Wall," the individual. It very well may be the case that the overwhelming majority of the times in trial that the jury hears the name, "Wall," it will not be Stephen Wall, the human being who is on trial.

B. *Wall's defense is narrower and intent-specific.*

Wall's defense is not that every transaction by Barton was legitimate. Wall's defense is that he did not knowingly join a criminal plan to mislead investors or misuse funds. He may dispute the meaning of project-price emails, the materiality of his presentation role, his knowledge of

investor disclosures, and the scope of any agreement. A joint trial risks obscuring those distinctions.

C. *If severance is denied, strict limiting procedures are required.*

At minimum, the Court should require the government to identify before trial which exhibits and testimony are offered against Wall and which are offered only against Barton, Bedoya, Fu, or others. The Court should also prohibit the government from using “the defendants,” “the scheme participants,” or similar collective phrasing when the evidence concerns only Barton or another actor.

## V. Alternative Relief Requested

1. An order requiring the government to file a pretrial exhibit chart identifying admissibility by defendant.
2. An order requiring the government to identify all co-conspirator statements it intends to offer against Wall.
3. A limiting instruction before Barton-only financial-control, commingling, receiver, personal-expense, bank-loan, or unrelated-property evidence.
4. A prohibition on collective references such as “the defendants” unless the evidence supports the statement as to Wall.
5. Separate jury instructions emphasizing that proof against Barton, Bedoya, Fu, or any entity is not proof against Wall.
6. Evidentiary sequencing that prevents the government from presenting extended Barton-only financial misconduct before introducing Wall-specific evidence.

## VI. Conclusion

Mr. Wall respectfully requests severance. Alternatively, he requests the limiting and sequencing relief set out above.

Respectfully submitted,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or firm@johnson-vaughn-heiskell.com

**MILNER WYNNE**

By: */s/ George Milner, III*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366
E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

## CERTIFICATE OF CONFERENCE

This is to certify that I contacted AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are opposed to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell