**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| **TIMOTHY BARTON (1)** | § | |
| **STEPHEN WALL (2)** | § | |
| **SASKYA BEDOYA (3)** | | |

**DEFENDANT STEPHEN WALL'S REQUEST**
**TO SUBMIT ONE (1) PAGE QUESTIONNAIRE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, STEPHEN WALL**, defendant, by and through undersigned counsel, and files the Request to Submit One (1) Page Juror Questionnaire and respectfully requests the Court to submit the attached questionnaire to prospective jurors, (See Exhibit "A" attached hereto).

**I.**

This is a case regarding allegations of a Conspiracy to Commit Wire Fraud and Securities Fraud. Attached hereto is a proposed one (1) page juror questionnaire which the defendant is requesting be submitted to the prospective jurors in the instant case. It is respectfully submitted that the questions contained in the attached questionnaire are either biographical in nature or go directly to revealing potential prejudice. These questions are submitted in the form of a questionnaire in order to save the court time and resources and allow counsel sufficient time to ask follow-up questions. Furthermore, a questionnaire will help insure honest, private responses to pertinent questions in this case. Instead of having to repeat each biographical question to each juror over and over again, the questionnaire eliminates this problem. Furthermore, by submitting

biographical questions to the jurors in the form of a questionnaire, this procedure assures that each juror is asked the same identical questions in the same fashion. This process also allows counsel to follow-up with targeted questions.

Regarding the questions, which are designed to reveal bias and prejudice, the Supreme Court has held that trial Judges have broad discretion over jury selection. *Skilling v. United States*, 130 S. Ct. 2896, 2917 (2010). In addition, Rule 24(a)(2)(A) and (B) of the Fed. R. Crim. Proc. Provides for attorney's to "ask further questions that the court considers proper; or submit further questions that the court may ask if it considers them proper." Thus, Rule 24(a) leaves the mechanics of voir dire to the Court's discretion, but the procedure must provide reasonable assurance that material prejudice will be discovered and a meaningful basis for intelligent challenges. A written questionnaire, coupled with targeted follow-up, advances those objectives efficiently. See *United States v. Greer,*968 F.2d 433, 437-40 (5th Cir. 1992)(en banc). This questionnaire satisfies this rule. The case of *United States v. Ible*, 630 F2d 389 (5th Cir. 1980) is also instructive:

> [W]hile federal rules of procedure 24(a) give wide discretion to the trial court, voir dire may have little meaning if it is not conducted at least in part by counsel. The "federal" practice of almost exclusive voir dire examination by the court does not take into account the fact that it is the parties, rather that the court, who have a full grasp of the nuances and the strength and weaknesses of the case. Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to case such strikes…***Experience indicates that a majority of situations questioning by counsel to be more likely to fulfill the need*** than exclusive examination in general terms by the trial court." *Id.* 395 *(emphasis added).*

Counsel respectfully submits that the following criteria be given weight in deciding this important issue:

1. The questionnaire is a less threatening or intimidating way to question the jurors;
2. The questionnaire is the best way to deal with confidential or sensitive issues;
3. There is a focus on areas of concern regarding potential challenges for cause;
4. It can identify pre-trial publicity without tainting the panel;
5. The defense will work with the prosecution to formulate the ultimate questions; and
6. It will hopefully **SHORTEN** the Voir Dire.

For the foregoing reasons, it is respectfully requested that this Court submit the attached Questionnaire in its entirety to prospective jurors in order to save court time and to assure the revelation of potential bias or prejudice.

Respectfully,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or
firm@johnson-vaughn-heiskell.com
**MILNER WYNNE**

By: */s/ George Milner, III*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366
E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

**CERTIFICATE OF CONFERENCE**

This is to certify that I contacted AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are opposed to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell