**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| **TIMOTHY BARTON (1)** | § | |
| **STEPHEN WALL (2)** | § | |
| **SASKYA BEDOYA (3)** | | |

**DEFENDANT STEPHEN WALL'S MOTION TO COMPEL NATIVE FILES, METADATA, TRANSLATION MATERIALS, AND PRESENTATION VERSION HISTORY**

**TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:**

Defendant Stephen Wall moves under Federal Rule of Criminal Procedure 16, Brady, Giglio, the Due Process Clause, and the Court's supervisory authority for production of native electronic files, metadata, translations, presentation version histories, and related materials concerning investor presentations, PowerPoints, loan agreements, Chinese-language communications, and emails the government intends to use against him.

## I. Relief Requested

Mr. Wall requests production of native-format materials and metadata necessary to determine who created, edited, translated, approved, sent, received, and modified the documents the government contends prove Wall's knowledge and intent. Mr. Wall neither speaks or is able to read in any Chinese language.

## II. Argument

*A. Because the government's Wall-specific theory appears to turn on documents and presentations, production in static PDF form is insufficient. Native files and metadata are necessary to identify the actual author, editor, and approver.*

In a case involving translated investor presentations, PowerPoint revisions, forwarding chains, and disputed knowledge, metadata is not a technical luxury. It may reveal whether Wall authored content, merely forwarded content, received a final version, received a draft, or never saw the investor-facing Chinese version. It may also show whether Barton, Fu, SEC witnesses, or staff altered materials after Wall's involvement.

*B. Translation materials are central to intent and reliance.*

Many investors were Chinese nationals. If investor-facing Chinese materials differed from English drafts or oral presentations, the defense must know. Wall cannot be held criminally responsible for translated statements he did not make, review, understand, adopt, or authorize.

## III. Requested Production

1. All native PowerPoint files, including all drafts and versions, for Wall 7, Wall 9, Wall 10, Wall 11, Wall 12, Wall 16, Wall 17, Wall 18, and Wall 19.
2. All metadata associated with those presentations, including author, last modified by, creation date, modification date, revision history, embedded comments, hidden slides, notes, and embedded objects.
3. All English versions, Chinese versions, bilingual versions, translation drafts, and side-by-side translations of investor presentations.
4. All translator identities, translator communications, translation certifications, translation notes, and instructions to translators.

5. All scripts, speaker notes, talking points, handouts, video recordings, audio recordings, photographs, or event materials from China presentations, including Hangzhou.
6. All emails transmitting or attaching investor presentations, loan agreements, subscription agreements, investor updates, price sheets, pro formas, development budgets, and revised presentations.
7. All native files and metadata for loan agreements, note subscription agreements, agency agreements, investor updates, lender updates, and DocuSign records.
8. All DocuSign envelopes, audit trails, IP logs, recipient histories, certificate-of-completion files, and timestamp records for investor agreements.
9. All communications concerning the meaning of “purchase price,” “total price,” “project cost,” “land cost,” “development cost,” “actual money needed,” “gap,” “equity,” “commission,” or “success fee.”
10. All materials showing which version of any document Wall received before any investor received it.

## IV. Conclusion

Mr. Wall respectfully requests an order compelling production of the requested native files, metadata, translations, and presentation histories sufficiently in advance of trial and pretrial-motion deadlines to allow meaningful review.

Respectfully submitted,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or
firm@johnson-vaughn-heiskell.com

**MILNER WYNNE**

By: *_/s/ George Milner, III_*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366
E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to contact AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are not opposed to the extent the documents are in their custody and control with regards to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell