**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 3:22-CR-352-K** |
| | § | |
| **TIMOTHY LYNCH BARTON (01)** | § | |
| **STEPHEN WALL (02)** | § | |
| **SASKYA BEDOYA (03)** | § | |
| **a/k/a Saskya Pamela Zuniga** | | |

**DEFENDANTS' JOINT MOTION FOR INDIVIDUALIZED VOIR DIRE BY COUNSEL AND INCORPORATED MEMORANDUM**

TO THE HONORABLE JUDGE, ED KINKEADE:

COMES NOW Defendants, Stephen Wall, Timothy Barton and Saskya Bedoya by and through undersigned counsel and move this Court to permit counsel for both the defendants and counsel for the government to *voir dire* the venire panel individually. As grounds for this request, counsel states as follows:

## I. Legal Standard

Federal Rule of Criminal Procedure 24(a) authorizes the Court to permit the attorneys for the parties to examine prospective jurors. If the Court conducts the venire examination, the Court must then either permit the attorneys to ask follow up questions the Court deems proper or it must allow counsel for the parties to submit further questions to the Court so that the Court may ask them if the questions are deemed proper. The Supreme Court has emphasized that voir dire plays a critical role in protecting a criminal defendant's Sixth Amendment right to an impartial jury.

*Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1881). "Without an adequate voir dire the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled." *Id*. The Fifth Circuit has weighed in on this, as well. While the rule gives wide discretion to the trial court, "voir dire may have little meaning if it is not conducted at least in part by counsel." *United States v. Ible*, 630 F.2d 389, 395 (5th Cir. 1980). It is the parties, much more so than the court, that understand the facts and issues within their case. *Id*. If trial counsel cannot obtain the necessary information to make meaningful use of peremptory challenges, then the peremptory challenges are worthless. Id. Moreover, the trial judge "cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case." *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977). "Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed." *Id*. Individualized *voir dire* by counsel is essential so that the defendant can effectively and adequately exercise his peremptory challenges in selecting jurors.

## II. Argument

Both counsel for the government and the defendants should be given an opportunity to personally question the jurors to identify potential biases, as well as to determine which jurors may not be the best fit for the facts and issue of this case. This is the very purpose of challenges for cause, as well as peremptory challenges. In addition to all of the legal issues associated with any criminal trial, this case involves international business transactions, real estate ventures and developments, securities law, accounting and foreign language communications just to name a few. The case also involves what to most people will agree is a great deal of money. Many people might naturally have predetermined viewpoints about all of these issues. Some of these

predetermined viewpoints might rise to the level necessitating a proper challenge for cause, and some may not. However, even where a prospective juror's opinions do not rise to a level requiring dismissal for cause, counsel for a party may quite properly determine it merits a peremptory challenge.

Further, while trial judges certainly can and do question potential jurors, it is not the same as questioning by counsel. The vast majority of people are afraid of public speaking to varying degrees. Some put this fear right behind their fear of snakes. It is well known that many venire members do not wish to speak up even when a question touches directly upon their fitness to serve on the jury. And, this generally is not motivated by deception. It is a direct result of the juror's fear of speaking in public. And, that fear is only exacerbated by being in a very unfamiliar place like a public courtroom. The fear and intimidation are only further compounded when it is the judge, himself, who is questioning the venire person. While questioning by the attorneys does not eliminate the public courtroom environment, it does remove the juror's fear of being questioned by the judge. Attorneys do not carry the weight of the judge. They carry little, if any weight. The jury only sees lawyers as advocates for a side. They are not wearing robes or seated in an elevated place in the courtroom. And, they are clearly subject to the control of the judge. In other words, they are not terribly than the citizens who were called for jury duty. It is much more probable jurors will open up and speak candidly to a trial lawyer than the judge. This serves the entire purpose of jury selection which is to obtain a jury that is fair to all parties. The goal should be that all parties possess the information necessary to make proper use of their strikes. And, more importantly, it should be fundamental that any juror(s) who are biased against either side are eliminated from the venire.

## III. Joint Motion

Undersigned counsel for Mr. Wall has conferred with counsel for Mr. Barton and Ms. Bedoya and, on behalf of their respective clients, join in this motion. Further, undersigned counsel has conferred with the Assistant United States Attorney and the government is unopposed to the relief sought in this motion.

## IV. CONCLUSION

For the reasons stated, the Court should Order that counsel for the government and the defendants be permitted to individually question the jury panel. The government should be given equal time as the defendants, collectively. The amount of time is, obviously, within the Court's discretion. Given the issues involved and the number of jurors who will be on the panel, the defendants respectfully ask for one hour to be divided among the defendants. And, of course, the government should be given equal time.

Respectfully submitted,

/s/ Michael P. Heiskell

**Michael P. Heiskell**
SBOT: 09383700
**JOHNSON, VAUGN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 Facsimile
Email: mheiskell@johnson-vaughn-heiskell.com or firm@johnson-vaughn-heiskell.com

/s/ George R. Milner, III
**GEORGE R. MILNER, III**
SBOT: 00784611
**MILNER | WYNNE**
1845 Woodall Rodgers Freeway
Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 953 1366
gunner@milnerwynne.com

**ATTORNEY FOR STEPHEN WALL**

**CERTIFICATE OF CONFERENCE**

This is to certify that I attempted to contact AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are opposed to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell