**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| **TIMOTHY BARTON (1)** | § | |
| **STEPHEN WALL (2)** | § | |
| **SASKYA BEDOYA (3)** | | |

**DEFENDANT STEPHEN WALL'S MOTION TO EXCLUDE CO-DEFENDANT STATEMENTS VIOLATING *BRUTON* AND RULE 801(D)(2)(E) WITHOUT A PRETRIAL SHOWING**

**TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE:**

COMES NOW Defendant Stephen Wall and moves for an order requiring the government to disclose all co-defendant and alleged co-conspirator statements it intends to offer against Mr. Wall, and to exclude any statement that violates the Confrontation Clause, Bruton, Crawford, Federal Rule of Evidence 801(d)(2)(E), or Rule 403.

## I. Relief Requested

Mr. Wall requests pretrial disclosure of all co-defendant statements, all alleged co-conspirator statements, all redacted versions, and all proposed limiting instructions. He further requests a James hearing or equivalent written proffer and a Bruton/Crawford admissibility ruling before trial.

## II. Argument

A joint trial creates a risk that statements by Timothy Barton, and Saskya Bedoya, or others may be offered in a manner that directly or indirectly inculpates Wall without cross-

examination. Redaction is not sufficient if the jury can readily infer that the statement refers to Wall, especially in a case involving only a small number of entities bearing Wall's name.

Likewise, Rule 801(d)(2)(E) requires a pretrial showing that a conspiracy existed, that both the declarant and Wall were members, and that the statement was made during and in furtherance of the conspiracy. Statements made after the alleged scheme collapsed, statements to law enforcement, statements to SEC investigators, receiver-related statements, plea factual resumes, or self-serving blame-shifting statements are not automatically admissible against Wall.

## III. Requested Procedure

1. Disclosure of all co-defendant and alleged co-conspirator statements the government intends to offer.

2. Identification of the declarant, date, recipient, context, and asserted admissibility basis for each statement.

3. Production of proposed redactions for any statement the government contends can be admitted in a joint trial.

4. A pretrial James hearing or written proffer for Rule 801(d)(2)(E) statements.

5. A pretrial Bruton/Crawford ruling before any such statement is mentioned to the jury.

6. Exclusion of any statement that expressly or by obvious inference inculpates Wall without cross-examination.

## IV. Conclusion

Mr. Wall respectfully requests disclosure, pretrial admissibility rulings, and exclusion of any co-defendant or alleged co-conspirator statement that violates his confrontation rights or the Federal Rules of Evidence.

Respectfully,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or
firm@johnson-vaughn-heiskell.com
**MILNER WYNNE**

By: */s/ George Milner, III*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366
E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to contact AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are opposed to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell