**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 3:22-CR-352-K** |
| | § | |
| **TIMOTHY BARTON (1)**<br>**STEPHEN WALL (2)**<br>**SASKYA BEDOYA (3)** | § | |

**DEFENDANT STEPHEN WALL'S MOTION FOR BILL OF PARTICULARS**

**TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:**

COMES NOW, Defendant Stephen Wall respectfully moves under Federal Rule of Criminal Procedure 7(f) for an order requiring the government to file a bill of particulars specifying the alleged Wall-specific conduct supporting Counts 8 and 9 in the indictment. In support, Mr. Wall would show the Court as follows:

## I. Relief Requested

Mr. Wall requests a bill of particulars requiring the government to identify, with reasonable specificity, the alleged false statements, omissions, acts, documents, communications, investor presentations, emails, and fund transfers the government contends prove that Mr. Wall knowingly joined the alleged wire-fraud conspiracy or acted with the scienter required for securities fraud.

## II. Background

The First Superseding Indictment charges Mr. Wall in Count 8, conspiracy to commit wire fraud, and Count 9, securities fraud. It does not charge him in the substantive wire-fraud counts.

The government's theory appears to rely heavily on Wall-branded real estate projects, investor presentations, emails involving project pricing and PowerPoint revisions, and generalized allegations that Timothy Barton, Stephen Wall, Haoqaing ("Michael") Fu, Saskya Bedoya and others made representations to Chinese investors.

## III. Legal Standard

Rule 7(f) authorizes the Court to direct the government to file a bill of particulars. A bill of particulars is appropriate when necessary to inform the defendant of the nature of the charge with sufficient precision to prepare a defense, avoid surprise at trial, and plead double jeopardy in any later prosecution. The request is especially appropriate where the indictment uses collective allegations, covers a multi-year course of conduct, and relies on numerous documents, witnesses, and transactions.

This motion does not seek the government's legal theory in the abstract or a preview of every trial exhibit. It seeks basic Wall-specific particulars necessary to understand what conduct the government contends was criminal as to Mr. Wall.

## IV. Argument

### *A. The indictment relies on group allegations that obscure Wall-specific conduct.*

The government's theory spans multiple entities, multiple properties, multiple investors, multiple foreign-language presentations, and multiple alleged participants. Without a bill of particulars, Mr. Wall is left to guess which statements the government attributes to him personally, which documents he allegedly adopted, and which Barton/Fu/Bedoya acts are alleged to be within the scope of his agreement.

*B. Wall is not charged in the substantive wire-fraud counts, making scope and intent particulars critical.*

Counts 1 through 7 are not charged against Mr. Wall. The government must therefore prove that Mr. Wall knowingly and voluntarily joined the alleged conspiracy and, for Count 9, acted with the required fraudulent intent or aided and abetted securities fraud. Because the substantive wire counts largely concern transfers attributed to Barton, the defense must know what specific acts the government contends connect Mr. Wall to the alleged scheme beyond branding, presence, and association.

## V. Particulars Requested

Identify each false statement or omission the government contends was personally made by Mr. Wall, including date, location, audience, medium, and substance.

Identify each act establishing Wall's entry into the alleged conspiracy.

Identify each investor or investor representative who allegedly heard, received, or relied on a statement by Mr. Wall by including their name, and contact information.

Identify each investor presentation, PowerPoint, script, translation, or marketing document the government contends Mr. Wall created, revised, approved, adopted, or delivered.

Identify each email, text, WeChat message, or other communication the government contends proves Mr. Wall knew investor-facing land or project prices were false or misleading.

Identify each project for which the government contends Mr. Wall knew the stated investor price was not a good-faith total project cost, development budget, acquisition/development price, or other non-fraudulent project metric.

Identify each document or statement showing Mr. Wall knew that investor funds would be used for undisclosed commissions, personal expenses, other properties, unrelated business expenses, or Ponzi-style interest payments.

Identify each account, transfer, payment, or financial transaction Mr. Wall allegedly controlled, directed, approved, or knowingly caused.

Identify each dollar amount Mr. Wall allegedly received from investor funds, including the date, source account, receiving account, purpose, and government proof that Mr. Wall knew the source was investor money.

Identify each co-conspirator statement the government intends to offer against Mr. Wall under Federal Rule of Evidence 801(d)(2)(E), including speaker, date, recipient, and statement substance.

Identify whether the government contends the alleged conspiracy included the alleged original price/markup discussions, Barton's later commingling and diversion of funds, or both.

Identify the specific securities the government contends are at issue in Count 9 as to Mr. Wall and the specific conduct by Mr. Wall that constitutes primary liability or aiding and abetting.

Identify whether the government contends Mr. Wall knew of or owed any duty to disclose Haoqiang Fu's (aka Michael Fu) compensation, Barton's account activity, entity capitalization, or investor-fund use, and the legal/factual basis for that duty.

Identify each and every action taken by any co-conspirator made in furtherance of the conspiracy which occurred on or after December 12, 2018.

## VI. Conclusion

For these reasons, Mr. Wall respectfully requests that the Court order the government to file a bill of particulars providing the Wall-specific particulars identified above, and grant all further relief to which he may be entitled.

Respectfully submitted,

/s/Michael P. Heiskell
Michael P. Heiskell
SBOT: 09383700
**JOHNSON, VAUGHN, & HEISKELL**
500 W. 7th Street, Suite 700
Fort Worth, Texas 76102
(817) 457-2999
(817) 496-1102 facsimile
E-mail: mheiskell@johnson-vaughn-heiskell.com or firm@johnson-vaughn-heiskell.com

**MILNER WYNNE**

By: */s/ George Milner, III*
George Milner, III
SBOT: 00784611
**MILNER WYNNE**
1845 Woodall Rodgers Fwy, Suite 1500
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 653-1366
E-mail: gunner@milnerwynne.com
*Attorneys for Stephen Wall*

## CERTIFICATE OF CONFERENCE

This is to certify that I contacted AUSA, Elise Aldendifer and Douglas Brasher, via e-mail, Elise.aldendifer@usdoj.gov and Douglas.brasher@usdoj.gov , on this the 24th day of August 2026, regarding the foregoing and they are opposed to the foregoing document.

/s/Michael P. Heiskell
Michael P. Heiskell

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/Michael P. Heiskell
Michael P. Heiskell